[No. 21805. Department One. September 24, 1929.]

DAISEY E. SWEET *et al., Respondents,* v. J. E. LEASE
*et al., Appellants.*[1]

*J. H. Jahnke,* for appellants.

*Dysart & Ellsbury* and *Lloyd B. Dysart,* for respondents.

FULLERTON, J.—This is an action brought by the respondents Sweet, against the appellants Lease, to recover possession of certain platform scales, constructed for the purpose of weighing vehicles with their loads. The cause was tried by the court sitting without a jury, and resulted in a judgment in favor of the respondents.

[1]Reported in 280 Pac. 742.

It appears from the record that one Abe Flewelling and Agnes Flewelling, his wife, were the owners of certain described real property, situated in the city of Centralia on which they had caused to be constructed a brick building. They mortgaged the property to the respondents, who afterwards acquired title thereto by a foreclosure of the mortgage and a sale of the property thereunder. The respondents claim title to the scales in question by reason of the foreclosure proceedings, contending that they formed a part of the realty and passed to them at the foreclosure sale. The appellants, on the other hand, claim that the scales were personal property, and passed to them in virtue of a bill of sale executed to them by the purported owners of the property.

The scales were installed in 1923, shortly after the construction of the building mentioned, by a corporation known as the Victory Coal Mining Company. That corporation was then in possession of a room on the lower floor of the building which it used in its business of dealing in coal. The scales were put in primarily for its benefit, although the members of the public were permitted to use them for a stated consideration, and did so use them.

The property of the Flewellings abutted upon the property of a railroad company, and the scales, for their principal parts, were located on the railroad property which the corporation leased for that purpose. The evener or balancing beam of the scales extended through the wall of the building into the room occupied by the corporation, where it was connected with the parts used to determine the weight of an article placed on the platform of the scales.

The lease to the corporation, while it had no definite or fixed term, could be terminated at the will of the railroad company by giving thirty days' written notice.

It was provided that, on the giving of such notice, the corporation would remove the scales, fill up the excavations, and place the property in the condition it was prior to the installation of the scales. There were conditions relative to the care of the premises, and it was provided that the lease should not be assigned or the leased property sublet; and there was a rental reserved. The lease also provided for a forfeiture in the case of a breach of its conditions; in which case the railroad company was given the option to remove the property placed thereon at the expense of the lessee, or appropriate the property to its own use without compensation. The lease was not recorded, but it appears from the testimony of the owners of the real property that the scales were inserted into the building with their consent, and with the understanding that the corporation installing them could remove them whenever they saw fit.

It is at once apparent, of course, that, as between the owner of the real property and the corporation installing the scales, the scales did not become a fixture attached to the realty; but at all times retained their character as personal property. But the mortgage under which the respondents acquired title was executed subsequent to the time the scales were installed, and the evidence indicates that the respondents had no notice of the actual conditions other than could be gathered from the visible situation.

The question then is whether the scales were such a part of the real property as to be a fixture, between them and the other parties in interest. It is our opinion that this question must be answered in the negative. The scales, for their greater and more valuable part, were not upon the mortgaged premises, and this fact alone was sufficient to put the respondents upon inquiry, and inquiry would have developed

that the mortgagors could not pass title to the scales by any contract they were competent to make. Furthermore, it must be conceded, we think, that this is not the ordinary situation where such instrumentalities as weighing scales are held to be a part of the realty. In instances where it has been so held, the scales have usually been upon the property which passed by the instrument of conveyance, not upon adjacent or adjoining property to which the conveyancer neither had nor could acquire a permanent title. It is true that, in this instance, the scales extended onto the mortgaged property, but this circumstance is no more persuasive that they were a fixture of the mortgaged property than that they were a fixture of the other property; and manifestly each of the several owners cannot successfully claim them to be fixtures to their own particular property.

The trial court seems to have rested its judgment largely on the conclusion it reached from the evidence that the Victory Coal Mining Company was but another name under which the Flewellings operated, and that the transactions had in the name of the corporation were, in reality and in legal effect, the individual transactions of the Flewellings. But, aside from the fact that this would not in our opinion justify the conclusion reached by the court, we cannot find from the evidence that the conclusion is justified. The corporation mentioned was duly organized under the laws of the state; a part of its capital stock was owned by others than the Flewellings; and the evidence, in so far as it bears on the question, indicates that it did a somewhat extensive business under its corporate name. Presumptively, it was operating lawfully and in its own right, and we find nothing in the record which justifies a contrary conclusion.

Nor is it necessary to inquire into the nature

of the title by which the appellants claim the property. They are in possession of it, and the respondents must recover, if they recover at all, on the strength of their own title, not on the weakness of their adversary's.

But we think we need not pursue the inquiry further. In our opinion, the trial court was in error in its conclusion, and its judgment will be reversed and the cause remanded with instructions to enter a judgment to the effect that the respondents take nothing by their action.

TOLMAN, HOLCOMB, BEALS, and MAIN, JJ., concur.